IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CENTURY SURETY COMPANY,

Plaintiff,

   v.

AMI SUNSHINE VACATION LLC, RICHARD GROSSO, LAURA GROSSO,

Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 1332, and files this action for declaratory relief, and states as follows:

### Jurisdiction

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. In this action, Century seeks a declaration of its rights and obligations under a liability insurance policy issued to AMI SUNSHINE VACATION LLC ("AMI") with respect to certain bodily injury claims asserted by RICHARD GROSSO ("Mr. Grosso") and LAURA GROSSO (collectively the "Claimants") arising out of a slip and fall accident that occurred on April 25, 2022.

3. Specifically, Century seeks a declaration that it has no duty to defend or indemnify AMI in connection with the bodily injury claims asserted by the Claimants.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

5. All conditions precedent to the filing of this action have occurred, been performed, or have been waived.

### Venue

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### Parties

7. Century is an insurance company incorporated in the State of Ohio with its principal place of business in the State of Michigan. Accordingly, Century is a citizen of both Ohio and Michigan.

8. Defendant AMI is a Florida limited liability company with its principal place of business in Manatee County, Florida. Accordingly, AMI is a citizen of and resides in Florida.

9  Defendants RICHARD GROSSO and LAURA GROSSO are domiciled in Virginia Beach, Virginia. Accordingly, they are both citizens and residents of Virginia.

### General Allegations

10. Century issued Commercial General Liability Policy number CCP 1027650 to AMI, effective November 9, 2021 to November 9, 2022 ("the Policy"). The Policy is subject to a liability coverage limit of $1,000,000 for each occurrence and $2,000,000 in the aggregate, a $5,000 Medical Expense Limit and a $500 Bodily Injury Liability and Property Damage Liability combined deductible. A copy of the Policy is attached hereto as *Exhibit "A."*

11. The claims at issue arise out of a slip and fall accident that occurred on April 25, 2022, at a property located at 1906 Gulf Drive North, Unit 203, Bradenton Beach, Florida ("the Property"), which allegedly resulted in significant injuries to Mr. Grosso.

12. The Property where the accident occurred was, at the time of the accident, owned by individuals John and Nicole Gersch, and was allegedly managed by AMI.

13. The Claimants allege that they were renting the Property on April 25, 2022, when Mr. Grosso fell in the bathroom and sustained severe injuries.

14. Mr. Grosso has allegedly incurred medical expenses for treatment related to the accident in excess of $750,000. The Claimants have demanded coverage under the Century Policy for those expenses as well as expenses for future medical bills, lost wages, lost earning capacity, and replacement value of household services.

15. The Claimants have filed a lawsuit against AMI in the Circuit Court for Manatee County, Florida. *See* "Plaintiffs' Original Complaint for Damages" attached hereto as *Exhibit "B"*. The lawsuit brings negligence claims for damages against AMI arising from the April 25, 2022, accident.

16. Century is currently investigating the claims at issue and providing a defense to AMI subject to a full reservation of rights. *See Exhibit "C."*

17. The Century Policy contains the following pertinent terms, exclusions and definitions:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

\* \* \*

**SECTION IV-COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\* \* \*

**SECTION V – DEFINITIONS**

3."Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**CONDITIONAL COVERAGE – REAL ESTATE PROPERTY MANAGED**

The following condition is added to Section **IV** – Commercial General Liability Conditions.

**Real Estate Property Managed**

As a condition of coverage:

**(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

**(2)** Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and

**(3)** You provide such certificate(s) of insurance to us upon our request; and

**(4)** The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and

**(5)** The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

**(6)** You are an insured or an additional insured on the property owner's policy or policies; and

**(7)** The property owner's policy has not restricted coverage for assault and battery exposures by:
   **(a)** Excluding any claims arising out of or alleged to arise out of assault and battery; or
   **(b)** Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

∗ ∗ ∗

## Insurance Coverage Dispute

18. Century brings this action to obtain a judgment declaring that it has no duty to defend or indemnify its insured, AMI, with respect to the bodily injury claims asserted by the Claimants.

19. There exists a bona fide actual present and practical need for the declaration of coverage available under the Policy and the rights and obligations of Century pursuant thereto.

20. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of Century under the Policy.

21. The rights of Century under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

22. Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

23. All proper and present antagonistic or adverse interests are before the Court by proper process.

24. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

## COUNT I
### The Policy's Real Estate Property Managed Conditional Coverage Endorsement

25. Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 24 above, as is fully set forth herein.

26. The Policy's Real Estate Property Managed Conditional Coverage Endorsement ("the Conditional Coverage Endorsement") imposed certain conditions of coverage for property management activities, which are defined as managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured, AMI.

27. At the commencement of property management activities, the Conditional Coverage Endorsement required AMI to obtain from the property owner a valid certificate of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing

operations and "products-completed operations hazards" providing coverage for the property management activities performed by AMI.

28. Upon renewal or replacement of the property owner's insurance policy, the Conditional Coverage Endorsement required AMI to obtain from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management activities performed by AMI.

29. The Conditional Coverage Endorsement required that the aforementioned certificate(s) of insurance reflect insurance written with an insurance company rated A- or better by A.M. Best and reflect limits of coverage equal to or greater than $1,000,000 per occurrence, $2,000,000 general aggregate, and $1,000,000 products-completed operations aggregate.

30. The Conditional Coverage Endorsement required AMI to provide the aforementioned certificates of insurance to Century upon request.

31. The Conditional Coverage Endorsement required AMI to be named as an insured or an additional insured on the property owner's liability policy or policies.

32. Despite repeated requests from Century, AMI has failed to produce the certificates of insurance demonstrating that the required coverages were secured by the Property owners.

34. AMI has failed to comply with any of the requirements imposed by the Conditional Coverage Endorsement, all of which are conditions precedent to coverage.

35. Accordingly, Century is entitled to a judgment in its favor declaring that there is no coverage available under the Policy for the bodily injury claims asserted by the Claimants.

## COUNT II
### The Policy's Cooperation Requirements

36. Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 24 above, as is fully set forth herein.

37. The Policy requires AMI to authorize Century to obtain records and other information, cooperate with Century in the investigation of a claim, and assist Century in the enforcement of any right against another person or organization who may be liable for the injuries or damages at issue.

38. Century has repeatedly requested information and documentation from AMI, including evidence that it complied with the requirements imposed by the Conditional Coverage Endorsement.

39. AMI has failed to fully cooperate with Century's requests for information, documentation, thereby resulting in prejudice to Century.

40. AMI's ongoing failure to cooperate with Century constitutes a breach of the Policy's cooperation provisions, which relieves Century of any obligation to provide coverage under the Policy.

**WHEREFORE,** Century respectfully requests that this Court:

a) determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b) find and declare that Century has no duty to defend or indemnify AMI with respect to the bodily injury claims asserted by the Claimants;

c) find and declare that Century is entitled to be reimbursed for the attorney's fees and costs it incurred to defend AMI against the bodily injury claims asserted by

       the Claimants in the event that this Court determines that Century never had a duty to defend or indemnify AMI; and,

d)     award Century its taxable costs incurred in prosecuting this declaratory action and grant such other and further relief as it deems proper under the circumstances.

       Respectfully submitted,

       BUTLER WEIHMULLER KATZ CRAIG LLP

       s/C.C. Traina
       _____
       KIMBERLY N. RAMEY, ESQ.
       Florida Bar No.: 0044033
       **kramey@butler.legal**
       CHRISTINE C. TRAINA, ESQ.
       Florida Bar No.: 91238
       **ctraina@butler.legal**
       Secondary:   dabramson@butler.legal;
                         vturner@butler.legal
       400 N. Ashley Drive, Suite 2300
       Tampa, Florida 33602
       Telephone: (813) 281-1900/Facsimile: (813) 281-0900
       *Attorneys for Plaintiff, Century Surety Company*